UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

| HUGH ADAM KECKRITZ, | ) | | |
| --- | --- | --- | --- |
| Plaintiff, | ) ) ) | | |
| v. | ) ) | No.: | 3:25-CV-388-TAV-JEM |
| ARAMARK, MORGAN COUNTY CORRECTIONAL FACILITY, and JOHN DOES, | ) ) ) ) ) | | |
| Defendants. | ) | | |

## MEMORANDUM OPINION AND ORDER

Plaintiff Hugh Adam Keckritz, a prisoner in the custody of the Tennessee Department of Correction ("TDOC") incarcerated at the Morgan County Correctional Complex ("MCCX"), filed a complaint under 42 U.S.C. § 1983 [Doc. 1] and two motions for leave to proceed *in forma pauperis* [Doc. 4, 5]. Attached to Plaintiff's initial motion to proceed as a pauper is a letter in which Plaintiff asks the Court to consolidate this case with a previously-filed action [Doc. 4-2]. For the reasons set forth below, the Court will **GRANT** Plaintiff's latest-filed motion to proceed *in forma pauperis* [Doc. 5], **DENY** his initial motion as moot [Doc. 4], **DENY** Plaintiff's request to consolidate actions, **DISMISS** Defendant MCCX, and **PERMIT** Plaintiff to proceed on an Eighth Amendment claim against Defendant Aramark.

I. **MOTIONS TO PROCEED** *IN FORMA PAUPERIS*

Under the Prison Litigation Reform Act ("PLRA"), a prisoner bringing a civil action may apply for permission to file suit without prepaying the filing fee. *See* 28 U.S.C. § 1915(a). A review of Plaintiff's latest-filed motion [Doc. 5] demonstrates that he lacks

sufficient financial resources to pay the filing fee in a lump sum. Accordingly, pursuant to 28 U.S.C. § 1915, Plaintiff's motion [*Id.*] will be **GRANTED**. Plaintiff's initial motion to proceed *in forma pauperis* [Doc. 4] will be **DENIED** as moot.

Plaintiff will be **ASSESSED** the civil filing fee of $350.00. The custodian of Plaintiff's inmate trust account will be **DIRECTED** to submit to the Clerk, U.S. District Court, 800 Market Street, Suite 130, Knoxville, Tennessee, 37902 twenty percent (20%) of Plaintiff's preceding monthly income (or income credited to Plaintiff's trust account for the preceding month), but only when such monthly income exceeds ten dollars ($10.00), until the full filing fee of three hundred fifty dollars ($350.00) as authorized under 28 U.S.C. § 1914(a) has been paid to the Clerk. 28 U.S.C. § 1915(b)(2).

The Clerk will be **DIRECTED** to send a copy of this Order to the Court's financial deputy and the custodian of inmate trust accounts at Plaintiff's current facility to ensure compliance with the PLRA's requirements for payment of the filing fee.

## II. REQUEST TO CONSOLIDATE

In a letter attached to his initial motion to proceed *in forma pauperis*, Plaintiff also states this action "needs to be combined" with another lawsuit he has filed and that is currently pending before this Court, *Keckritz v. Morgan Cnty. Corr.*, No. 3:25-CV-277 [Doc. 4-2]. The Court construes this letter as a motion to consolidate actions.

Pursuant to Rule 42(a) of the Federal Rules of Civil Procedure, the Court may consolidate actions that "involve a common question of law or fact." Fed. R. Civ. P. 42(a); *Cantrell v. GAF Corp.*, 999 F.2d 1007, 1010–11 (6th Cir. 1993). But Plaintiff cannot

2

Case 3:25-cv-00388-TAV-JEM    Document 6    Filed 11/21/25    Page 2 of 8    PageID #: 24

consolidate this action and avoid paying a separate filing fee, as "before there is a consolidation, there are, by definition, separate actions, for each of which a filing fee is paid and each of which must stand on its own merit." *Hagan v. Rogers*, 570 F.3d 146, 161 n.11 (3d Cir. 2009) (citing *Johnson v. Manhattan Ry. Co.*, 289 U.S. 479, 496–97 (1933)). And the Court otherwise finds that consolidation is not appropriate, as the two cases filed by Plaintiff involve different Defendants and constitutional claims [*Compare* Doc. 1 *with* Doc. 1 in No. 3:25-CV-277].[1] Therefore, Plaintiff's request to consolidate this case with No. 3:25-CV-277 will be **DENIED**.

## III.   SCREENING OF COMPLAINT

### A.   Screening Standard

Under the PLRA, district courts must screen prisoner complaints and *sua sponte* dismiss any claims that are "frivolous, malicious, or fail[] to state a claim upon which relief may be granted," or "seek[] monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b); *see also* 28 U.S.C. § 1915(e)(2)(B); *Benson v. O'Brian*, 179 F.3d 1014 (6th Cir. 1999). The dismissal standard articulated by the Supreme Court in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell Atlantic Corporation v. Twombly*, 550 U.S. 544 (2007) "governs dismissals for failure to state a claim under [28 U.S.C. §§ 1915(e)(2)(B) and 1915A] because the relevant statutory language tracks the language in Rule 12(b)(6)" of the Federal Rules of Civil Procedure. *Hill v. Lappin*, 630 F.3d 468,

---

[1] Specifically, this case involves an Eighth Amendment challenge to the food Plaintiff is served [Doc. 1], while the complaint in No. 3:25-CV-277 levies a First Amendment challenge against different Defendants related to the alleged denial of a religious diet [*See* Doc. 1 in Case No. 3:25-CV-277].

3

470–71 (6th Cir. 2010) (citations omitted). Thus, to survive an initial review under the PLRA, a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 570).

Courts should liberally construe pro se pleadings filed in civil rights cases and hold them to a less stringent standard than "formal pleadings drafted by lawyers[.]" *Haines v. Kerner*, 404 U.S. 519, 520 (1972). Even so, allegations that give rise to a mere possibility that a plaintiff might later establish undisclosed facts supporting recovery are not well-pled and do not state a plausible claim. *Twombly*, 550 U.S. at 555, 570. Further, formulaic and conclusory recitations of the elements of a claim which are not supported by specific facts are insufficient to state a plausible claim for relief. *Iqbal*, 556 U.S. at 681.

To state a claim against any Defendant for relief under 42 U.S.C. § 1983, Plaintiff must establish that a "person" acting "under color of" state law deprived him of "any rights, privileges, or immunities secured by the Constitution and laws" of the United States. 42 U.S.C. § 1983.

### B. Plaintiff's Allegations

Beginning April 14, 2025, Plaintiff filed grievances and requests at the MCCX complaining that inmates were served "short portions" on their food trays, which were missing one to three "side items" on every single meal [Doc. 1, p. 4]. Initially, Plaintiff was on a "religious diet tray[,]" but those trays were never prepared or handled correctly, so Plaintiff stopped his religious diet [*Id.*].

Since Plaintiff has been on the regular inmate diet, every meal is missing side dishes, and he receives "cold[,] congealed, short main portions" [*Id.*]. Additionally, inmates "hardly ever get [their] drink or coffee[,]" and they do not get condiments [*Id.* at 5]. The food is also routinely undercooked [*Id.* at 4]. The meat patties the inmates are served as so wet "you can wring them out" [*Id.*]. The food is "nasty" and "repulsive" [*Id.* at 4, 5]. Plaintiff estimates inmates are receiving only half of the food they are supposed to be getting by law and the facility's contract with Aramark, the food provider [*Id.*]. Some foods the inmates are served, such as grits, "don[']t have calories" [*Id.* at 5]. On weekends, inmates are only fed twice, and inmates get less food on the weekend trays than the weekday trays [*Id.* at 4]. The kitchen is dirty, stinks, and is "roach infested" [*Id.*]. And there are "kitchen people with [H]ep[atitis-]C working with" inmates' food [*Id.*].

Even though inmates have filed "mass grievances[,]" conditions are not improving [*Id.*]. Plaintiff has been at MCCX for five years, and he has never received a consistent 2,000 calorie per day diet [*Id.* at 5].

Aggrieved, Plaintiff filed this action against Aramark, MCCX, the John Doe Kitchen Supervisor, and the John Doe Aramark Manager, seeking monetary damages and injunctive relief [*Id.*].

### C. Analysis

The Court first considers Plaintiff's claims against the MCCX. The MCCX is a state prison operated by the TDOC. *See* Tenn. Dep't of Corr., *Prison List*, https://www.tn.gov/correction/state-prisons/state-prison-list.html (last visited Nov. 17,

5

2025). But the TDOC is an arm of the State of the Tennessee, and thus, suit against the MCCX, or any MCCX employee in his or her official capacity, is suit against the State itself. *See Hix v. Tenn. Dep't of Corr.*, 196 F. App'x 350, 355 (6th Cir. 2006) (holding TDOC is equivalent of the "State"); *Bostic v. Tenn. Dep't of Corr.*, No. 3:18-CV-562, 2018 WL 3539466, at *7 (M.D. Tenn. July 23, 2018) (noting that a suit against the TDOC facility is actually a suit against TDOC itself); *Kentucky v. Graham*, 473 U.S. 159, 166 (1985) (holding "an official-capacity suit is, in all respects other than name, to be treated as a suit against the entity"). However, Plaintiff may not maintain suit against a State or its employees in their official capacities because "a state is not a person within the meaning of § 1983." *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 64 (1989). Thus, the MCCX, and all official-capacity claims against any MCCX employee in his or her official capacity, will be **DISMISSED**.

Second, Plaintiff has sued two John Doe Defendants [Doc. 1, p. 3]. But the mere filing of a complaint does not commence a civil action against that unidentified party. *See Smith v. City of Chattanooga*, No. 1:08-cv-63, 2009 WL 3762961, at *5 (E.D. Tenn. Nov. 4, 2009) ("A civil action cannot be commenced against a fictitious party such as an unknown John Doe." (citing *Bufalino v. Mich. Bell Tel. Co.*, 404 F.2d 1023, 1028 (6th Cir. 1968))). Instead, "until an amendment adding additional defendants has been permitted by the court," allegations against an unknown defendant "are merely 'surplusage[.]'" *Dunn v. Paducah Int'l Raceway*, 599 F. Supp. 612, 613 n. 1 (W.D. Ky. 1984) (citing *Hannah v. Majors*, 35 F.R.D. 179, 180 (W.D. Mo. 1964)). Therefore, the Court cannot address

6

Plaintiff's allegations against the intended John Doe Defendants until their identities are known. Accordingly, Plaintiff must amend his complaint to identify the alleged wrongdoers by name if he intends to include them as Defendants in this action.

This leaves Plaintiff's claims against Defendant Aramark. While inmates are not guaranteed "comfortable prisons," they are protected against "inhumane ones," and "the treatment a prisoner receives in prison and the conditions under which he is confined are subject to scrutiny under the Eighth Amendment." *Wilson v. Williams*, 961 F.3d 829, 839 (6th Cir. 2020) (quoting *Farmer v. Brennan*, 511 U.S. 825, 832 (1994)). At this stage of the litigation, the Court cannot find that Plaintiff's food-related claims against Defendant Aramark are "frivolous or malicious" or "fail[] to state a claim on which relief may be granted[,]" and it does not appear at this stage of the litigation that Defendant Aramark is immune from monetary damages. 28 U.S.C. § 1915(e)(2)(B). Accordingly, the Court will permit an Eighth Amendment claim to **PROCEED** against Defendant Aramark.

## IV. CONCLUSION

For the reasons set forth above:

1. Plaintiff's latest-filed motion for leave to proceed *in forma pauperis* [Doc. 5] is **GRANTED**, and his initial motion [Doc. 4] is **DENIED** as moot;

2. Plaintiff is **ASSESSED** the civil filing fee of $350.00;

3. The custodian of Plaintiff's inmate trust account is **DIRECTED** to submit the filing fee to the Clerk in the manner set forth above;

4. The Clerk is **DIRECTED** to mail a copy of this Memorandum and Order to the custodian of inmate accounts at the institution where Plaintiff is now confined and the Court's financial deputy;

5. Plaintiff's request to consolidate actions is **DENIED**;

6. Plaintiff has set forth a plausible Eighth Amendment claim against Defendant Aramark, and this claim will **PROCEED**;

7. The Clerk is **DIRECTED** to send Plaintiff a service packet (a blank summons and USM 285 form) for Defendant Aramark;

8. Plaintiff is **ORDERED** to complete the service packet and return it to the Clerk's Office within twenty-one (21) days of entry of this Order;

9. At that time, the summons will be signed and sealed by the Clerk and forwarded to the U.S. Marshal for service, *see* Fed. R. Civ. P. 4;

10. Plaintiff is **NOTIFIED** that if he fails to timely return the completed service packet, this action will be dismissed;

11. Defendant Aramark shall answer or otherwise respond to the complaint within twenty-one (21) days from the date of service. If Defendant Aramark fails to timely respond to the complaint, it may result in entry of judgment by default against it;

12. All other claims, Defendant MCCX, and any official-capacity claims against any MCCX Defendant are hereby **DISMISSED**; and

13. Plaintiff is **ORDERED** to immediately inform the Court and Defendant Aramark or its counsel of record of any address changes in writing. Pursuant to Local Rule 83.13, it is the duty of a pro se party to promptly notify the Clerk and the other parties to the proceedings of any change in his address, to monitor the progress of the case, and to prosecute or defend the action diligently. E.D. Tenn. L.R. 83.13. Failure to provide a correct address to this Court within fourteen (14) days of any change in address may result in the dismissal of this action.

IT IS SO ORDERED.

s/ Thomas A. Varlan
UNITED STATES DISTRICT JUDGE